United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO VELASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br><br>Defendant. | Case No. 24-cv-00489-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Plaintiff Rodolfo Velasquez brings this lawsuit seeking review of a decision under the Social Security Act. Before the Court is a motion to dismiss from Defendant Commissioner of Social Security ("SSA"). Having read the papers filed by the parties and carefully considered their arguments, as well as the relevant legal authority, the Court hereby **GRANTS** Defendant's motion, for the following reasons.

Plaintiff brings this action under Title 42 U.S.C. § 405(g) to address two purported issues: (1) that SSA imposed a monthly payment for his Medicare Part B benefits of $330.30 rather than the $173.00 Velasquez anticipated to be charged (First Amended Complaint ("FAC," ECF 5) ¶ 5), and (2) that SSA continues to excessively delay its determination on his appeal of his Medicare Part B benefits (FAC ¶ 9).[1] Plaintiff's administrative appeal still has not been resolved. FAC ¶¶ 11-13.

Claims "arising under" the Medicare Act ("the Act") are subject to judicial review only if a plaintiff first exhausts his administrative remedies. 42 U.S.C. §§ 405(g)-(h). "Section 405(g)

---

[1] The Court accepts Plaintiffs' allegations in the complaint as true and construes the pleadings in the light most favorable to Plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

provides 'the only avenue for judicial review' of a claim for benefits under the Medicare Act, and failure to exhaust one's administrative remedies deprives federal courts of subject matter jurisdiction over claims arising under the Act." *Global Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 913 (9th Cir. 2022) (quoting *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)). A court must dismiss a complaint when a claimant has not exhausted administrative appeals as required to obtain a final decision. *See Heckler*, 466 U.S. at 618-19; *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act deprives the district court of jurisdiction.").

Here, Velasquez claims he was improperly charged a penalty under his Medicare Part B Plan. Velasquez acknowledges that he has not exhausted his administrative remedies, stating several times in his complaint that SSA still has not resolved his appeal. *See, e.g.*, FAC ¶¶ 11-13. Although he appears to argue that he should not be required to follow the required administrative appeal process because SSA has delayed in bringing his appeal to a resolution, it is clear that he must do so. 42 U.S.C. § 405(g). Because Velasquez has not exhausted administrative remedies, the Court lacks jurisdiction.

Velasquez's reliance on *McCarthy v. Madigan*, 503 U.S. 140 (1992), to support a waiver of the exhaustion requirement is unavailing. In that case, the Supreme Court held that courts cannot waive a plaintiff's failure to exhaust administrative remedies where Congress "specifically mandate[d]" exhaustion as a prerequisite to judicial review. *Id.* at 144 (citations omitted). In contrast to *McCarthy*, Congress here specifically required administrative exhaustion of Medicare appeals before beneficiaries could seek judicial review. *See* 42 U.S.C. § 405(g). Thus, prior to seeking a remedy in this Court, Velasquez must follow the administrative review process as outlined in the Medicare Act.

Moreover, Plaintiff Velasquez has not alleged sufficient facts to show that he should be exempt from the exhaustion requirement. Though "the exhaustion requirement may be excused if three conditions are satisfied: (1) the plaintiff's claim is wholly collateral to a claim for Medicare benefits; (2) the plaintiff has made a colorable showing of irreparable harm; and (3) exhaustion would be futile," *Global Rescue Jets*, 30 F.4th at 919 (citing *Johnson v. Shalala*, 2 F.3d 918, 921

(9th Cir. 1992)), Velasquez's complaint fails to allege that his claim is collateral to a claim for Medicare benefits, as he is expressly seeking to secure such benefits. *See* FAC ¶¶ 19-21; *Johnson*, 2 F.3d at 921. Thus, Velasquez cannot be excused from the exhaustion requirement before proceeding with the instant suit.

Because Plaintiff must exhaust administrative remedies before this Court possesses jurisdiction over a case arising under the Medicare Act, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. The Court does not reach Plaintiff's claims for damages based on the Administration's delays in processing his appeal.

**IT IS SO ORDERED.**

Dated: June 18, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**